

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00191-CV

———————————————

IN THE MATTER OF A.T.

On Appeal from the 323rd District Court
Tarrant County, Texas
Trial Court No. 323-110595-19

Before Birdwell, J.; Sudderth, C.J.; and Womack, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

This is an appeal from a juvenile court's order transferring appellant A.T.'s pending juvenile case to criminal district court for trial as an adult. *See* Tex. Fam. Code Ann. § 54.02(a). A.T.'s court-appointed appellate counsel has filed a motion to withdraw and supporting brief in which he states that he has reviewed the record and believes the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967); *In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding) (holding that *Anders* procedures apply to juvenile appeals).

After notification to A.T. and his parents of the right to request a copy of the record and file a response to counsel's *Anders* brief, A.T. has not responded. The State declined to file a brief.

Once an appellant's court-appointed attorney files an *Anders* brief on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to determine if any arguable grounds for appeal exist. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). When analyzing whether any grounds for appeal exist, we consider the record, the *Anders* brief, and any pro se response. *In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

2

We have carefully reviewed counsel's brief and the appellate record. Finding no reversible error, we agree with counsel that this appeal is without merit. *See In re D.T.*, No. 02-17-00061-CV, 2017 WL 2806323, at *1–3 (Tex. App.—Fort Worth June 29, 2017, no pet.) (mem. op.). Therefore, we affirm the trial court's transfer order. But because none of the circumstances listed in family code section 51.101(a) exist, we deny counsel's motion to withdraw. Tex. Fam. Code Ann. § 51.101(a); *see D.T.*, 2017 WL 2806323, at *1; *see also In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (holding, in order abating appeal for the appointment of counsel, that family code section 107.013 requires appointed counsel to represent client through all proceedings in the supreme court unless good cause other than the existence of a frivolous appeal is shown). Accordingly, counsel remains appointed in this appeal through proceedings in the supreme court unless A.T. retains new counsel or the trial court appoints him new counsel. *See* Tex. Fam. Code Ann. § 51.101(a).

Per Curiam

Delivered: August 29, 2019